IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| TEXAS ALLIANCE FOR RETIRED AMERICANS; SYLVIA BRUNI; DSCC; and DCCC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUTH R. HUGHS, in her official capacity as the Texas Secretary of State,<br><br>*Defendant*. | CIVIL ACTION NO. 5:20-cv-128 |

## THE TEXAS SECRETARY OF STATE'S MOTION TO STAY

On Friday, September 25, 2020—just eighteen days before statewide in-person voting is scheduled to commence—this Court granted Plaintiffs' Request for a Preliminary Injunction and enjoined "Defendant . . . from taking any action to implement or enforce HB 25." But the Court's injunction was issued after the 2020 election was already well underway. Counties have already sent mail-in ballots to thousands of Texas voters that did not include the one-punch, straight ticket voting ("STV") option. And Secretary Hughs certified the candidates weeks ago.

Further, eighteen days before in-person voting begins is insufficient time for election administrators in 254 counties and their vendors to meticulously re-program, re-proof, and re-test thousands of different ballot styles. As multiple county election officials have now averred, implementation of such a change at this point would be "catastrophic to the administration of the 2020 general election," Ex. 1 ¶ 1, and "would cause voter confusion and drastically effect our ability to administer a fair and accurate election," Ex. 2 ¶ 6; *see also* Ex. 3. Finally, implementation of such a last-minute change would run head-long into long-standing Supreme Court jurisprudence against altering election rules on the eve of an election. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (per curiam).

As such, Texas Secretary of State Ruth Hughs respectfully moves for the Court to stay its order granting a preliminary injunction pending her appeal. *See* Fed. R. App. P. 8(a). In light of the exigencies, in the event no stay issues by 12:00 p.m. on Monday, September 28, Secretary Hughs intends to file a motion to stay in the U.S. Court of Appeals for the Fifth Circuit.

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction." Courts "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

Secretary Hughs has made a strong showing on the merits that the predominate method of selecting candidates in the United States is not unconstitutional. *See* ECF 26 & ECF 30. Those arguments are incorporated here by reference. Indeed, this Court has already ruled that Plaintiffs' injury is too speculative to bring these claims. *Bruni v. Hughs*, No. 5:20-cv-35, 2020 WL 3452229 (S.D. Tex. June 24, 2020).

But even setting the flaws in Plaintiffs' claims aside, Plaintiffs' requested preliminary injunction will irreparable harm Secretary Hughs, "substantially injure the other parties interested in the proceeding," and is contrary to the "public interest" if not stayed pending the appeal. By enjoining the Secretary from enforcing HB 25, the Court seems to have prohibited the Secretary from providing information about the elimination of the STV option. *See* Tex. Elec. Code § 31.012(b-1), (d). That is an irreparable injury. *See Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020) (per curiam). And it is likely to exacerbate any concerns about voter confusion. To the extent the injunction was intended to

compel local election officials—non-parties not before the Court—to reprint ballots and reprogram voting machines, there is not sufficient time.

When Secretary Hughs filed her response in opposition to Plaintiffs' motion for preliminary injunction, she included a sworn declaration from the election administrator of Collin County who declared that making any change to the ballot at that point would be "devastating to the administration" of the 2020 general election. He executed that declaration 24 days ago. Ex. 4.

Now, that concern is even more severe. Counties have already sent tens of thousands of ballots to Texas voters. Ex. 1 ¶ 5; Ex. 2 ¶ 4. Those ballots did not include the one-punch, straight ticket option. *Id.* Because of a Proclamation from Governor Abbott, in-person voting begins on October 13, 2020. *See* ECF 30-3. Mr. Sherbet testified more than three weeks ago that it was too late to change the order of the ballots and re-run the required accuracy tests needed to ensure an accurate vote count. Ex. 4. Now, just over two weeks before in-person voting begins, various other county election officials confirm that such a change would be a "logistical nightmare" for the administration of the 2020 general election and potential result in voter confusion and diminished confidence in the election results. Ex. 1; Ex. 2; Ex. 3.

Given the dangers of re-implementing the one-punch, straight ticket voting option at this point for the 2020 general election, Secretary Hughs requests that the Court stay its order pending her appeal.

| | |
|---|---|
| Date: September 26, 2020 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| JEFFREY C. MATEER<br>First Assistant Attorney General | /s/ Todd Lawrence Disher<br>TODD LAWRENCE DISHER<br>Deputy Chief, Special Litigation Unit<br>*Attorney-in-Charge* |
| RYAN L. BANGERT<br>Deputy First Assistant Attorney General<br>Texas Bar No. 24045446<br>Southern District of Texas No. 641892 | Texas Bar No. 24081854<br>Southern District of Texas No. 2985472 |
| | WILLIAM T. THOMPSON<br>Special Counsel<br>Texas Bar No. 24088531<br>Southern District of Texas No. 3053077 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.bangert@oag.texas.gov<br>todd.disher@oag.texas.gov<br>will.thompson@oag.texas.gov |

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 26, 2020, I conferred with Plaintiffs' counsel regarding this motion. Plaintiffs oppose.

>/s/ Todd Lawrence Disher
>TODD LAWRENCE DISHER

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2020, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

>/s/ Todd Lawrence Disher
>TODD LAWRENCE DISHER