**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| Texas Alliance for Retired Americans, Sylvia Bruni, DSCC, and DCCC,<br><br>Plaintiffs,<br><br>v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State,<br><br>Defendant. | Civil Action No. 5:20-cv-128 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE SECRETARY'S MOTION TO STAY**

The Secretary has woefully failed to meet her burden of demonstrating that a stay of the Court's preliminary injunction is warranted. Her motion does not even attempt to meet the threshold requirement of making a strong showing that she will succeed in her appeal. Instead, her motion relitigates issues already rejected by the Court in its September 25 order. The Court has already determined that the irreparable harm that HB 25 will impose on Texas voters outweighs the administrative burdens involved in placing the straight-ticket voting ("STV") option on the ballot. Because none of the relevant factors weigh in favor of staying the Court's injunction pending the Secretary's appeal, the motion should be denied.

**NATURE AND STAGE OF PROCEEDING AND ISSUE PRESENTED**

On March 5, 2020, Plaintiffs Bruni, DCCC, and DSCC, and others filed suit challenging HB 25's elimination of straight-ticket voting in Texas, which has existed for more than a century; on March 30, they sought a preliminary injunction halting HB 25's implementation during the November 2020 election. On June 24, this Court dismissed those plaintiffs' claims without

prejudice on the ground that the Court "lack[ed] subject-matter jurisdiction to adjudicate th[e] case" because the complaint's allegations did not support a finding of impending injury. *Bruni v. Hughs*, --- F. Supp. 3d ---, 2020 WL 3452229, at *4, *7 (S.D. Tex. June 24, 2020). On August 12, 2020, Plaintiffs in this suit filed a new complaint supplementing those prior allegations and incorporating evidence further demonstrating their impending injury. ECF Nos. 1, 6. The Secretary moved to dismiss Plaintiffs' complaint on August 31 and filed an opposition to Plaintiffs' preliminary injunction motion on September 2. ECF Nos. 26, 29. Plaintiffs simultaneously filed their opposition to the motion to dismiss and their preliminary injunction reply on September 7. ECF Nos. 33, 34.

On September 25, this Court issued an order granting Plaintiffs' motion for preliminary injunction, granting in part the Secretary's motion to dismiss as to one of Plaintiffs' claims, and denying the motion to dismiss in all other respects. ECF No. 43 ("Order"). After finding that Plaintiffs were likely to succeed on the merits of their claims, the Court turned to the propriety of an injunction against HB 25's implementation during the November 2020 election. In finding that an injunction was warranted, the Court emphasized that in the past few months, the Secretary and other state officials have "done little to address the[] logistical challenges" and danger to voters posed by the ongoing coronavirus pandemic and "in some cases, has fought" efforts to limit the dangers voters face this fall. *Id.*; *see also id.* at 40 & n.8 (noting that, unlike in most states that have expanded voting access during the pandemic, in Texas, "[a]ccess to mail-in ballots continues to be restricted and curbside voting is not intended for mass usage"); *id.* at 44 ("Texas' rules around voting during the pandemic have been perplexing."). The Court explained that this inaction has threatened "the viability of an election where nearly every voter must . . . vote in person." *Id.* In light of this "failure to take the steps necessary to mitigate the risk caused by COVID-19," the

prospect that HB 25 would cause voters to wait even longer at polling places "warrant[ed] extraordinary relief in the form of a preliminary injunction." *Id.* at 10, 12.

The Court explicitly rejected the Secretary's argument that there was insufficient time for elections administrators to keep the status quo and provide the STV option to in-person voters. Specifically, the Court found that the burden county officials "familiar with the STV option" would encounter in reprogramming voting machines to include the STV option would not be "as onerous as Texas claims." *Id.* at 43. And "[r]e-printing ballots for in-person voters is also feasible and would, according to the Secretary's expert, take little more than a week." *Id.* (citing ECF No. 30-1 at 3). As for mail-in ballots, the Court explained that "the question before the Court does not affect the mail-in ballots distributed to the limited number of Texans eligible to vote by mail." *Id.*

The Court also explained that whatever burden county officials would encounter in placing the STV option on the ballot, an injunction was needed due to counteract the "burdens imposed on Constitutional rights" caused by HB 25, "especially during this public health crisis." *Id.* at 38; *id.* at 39 n.7 (emphasizing "the importance of the right at stake and extensive experience Texas election administrators have with straight ticket voting"). Ultimately, the Court found that "the deprivation HB 25 is likely to cause" to voters outweighed the administrative burden officials will encounter when placing the STV option on ballots. *Id.* at 43.

The Secretary has filed an appeal of the Court's order and now moves to stay the Court's preliminary injunction pending that appeal. ECF No. 45 ("Mot."). The Court should deny the motion. It is the Secretary's "burden to satisfy the four factors" relevant to a motion to stay, which are (1) "the stay applicant has made a strong showing that [she] is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," (3) a stay will not "substantially injure the other parties interested in the proceeding," and (4) that the "public interest lies" in the issuance

of a stay. *Patino v. City of Pasadena*, 229 F. Supp. 3d 582, 585-86 (S.D. Tex. 2017) (quoting *Chafin v. Chafin*, 568 U.S. 165, 179 (2013)). The first factor, whether the Secretary has made a strong showing of likelihood on the merits, is a "threshold requirement" without which the stay must be denied. *Wildmon v. Berwick Univ. Pictures*, 983 F.2d 21, 23 (5th Cir. 1992). Moreover, "[t]he first two factors"—the Secretary's likelihood of success on the merits and whether the Secretary will be injured absent a stay—"are the most critical." *Patino*, 229 F. Supp. 3d at 586 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## ARGUMENT

### I. The Secretary has not met her burden of demonstrating that a stay is warranted.

A stay "is an intrusion into the ordinary processes of administration and judicial review" and thus is an extraordinary remedy. *Patino*, 229 F. Supp. 3d at 585 (quoting *Nken*, 556 U.S. at 427). Yet, the Secretary's motion barely attempts to demonstrate that a stay is warranted. Her motion does not satisfy the "most critical" factors: "a strong showing" of a likelihood of success on the merits of her appeal and that, without a stay, "the applicant," *i.e.*, the Secretary, will be irreparably injured. *Id.* at 586.

With respect to the merits, the Secretary's motion simply "incorporate[s] by reference" her various arguments that this Court has already rejected. Mot. at 2. The Secretary says *nothing* else about the merits of her appeal, other than to point out that the Court dismissed the plaintiffs' claims in *Bruni*. *Id.* But this Court has already explained that the new allegations and evidence Plaintiffs offered in *this* case, combined with "the passage of time, the further spread of the COVID-19 pandemic, and the events of the Texas July 2020 runoff election," all demonstrate that "Plaintiffs' claims are certainly impending." Order at 14. Because the Secretary has not even attempted to demonstrate the "threshold requirement" of demonstrating a likelihood of success on appeal, her motion must be denied. *Wildmon*, 983 F.2d at 23.

As for the second factor, the Secretary has not demonstrated that *she*, "the applicant," will suffer injury "absent a stay." *Patino*, 229 F. Supp. 3d at 586. Instead, she offers arguments about the administrative cost that nonparty county elections officials will encounter to include STV on Texas ballot. Mot. at 2-3. But that is not the question this factor asks, which is whether the *Secretary* will be injured in the absence of a stay.

Ignoring these issues and the Court's decision, the Secretary's motion simply repeats the same argument about administrative burden that this Court already rejected. "As with a motion for reconsideration, a motion to stay should not be used to relitigate matters, submit new evidence, or 'raise arguments which could, and should, have been made before the judgment issued.'" *ODonnell v. Harris County*, 260 F.Supp.3d 810, 815 (S.D. Tex. 2017) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). But that is precisely what the Secretary's motion does. As she did in her opposition to Plaintiff's preliminary injunction, ECF No. 29 at 1-2, 7-8, the Secretary reasserts that it is too late and too costly for counties to add to the STV option to ballots. Mot. 2-3. But the Court has already found that adding the STV option to voting machines at this stage "will [not] be as onerous as Texas claims." Order at 23. And more importantly, the Court has already found that whatever administrative burden the preliminary injunction would cause, the "deprivation HB 25 is likely to cause"—that is, the widespread harm to Texans caused by eliminating the STV option without anything to mitigate its effects—is far heavier. Order at 43.

The new declarations the Secretary offers with her motion add nothing new to this analysis. The majority of the discussion within these declarations speak to the fact that counties are already distributing mail-in ballots to voters. *See* ECF No. 45-1 ¶¶ 5-9; ECF No. 45-2 ¶¶ 4-5; ECF No. 45-3 ¶¶ 5, 8-9. But the Court has already explained that whether mail-in ballots have already been distributed is irrelevant to the propriety of the Court's injunction. Order at 43 ("[T]he question

before the Court does not affect the mail-in ballots distributed to the limited number of Texans eligible to vote by mail."). Notably, only one declaration mentions how long it would take to program machines to include the STV option, and it states that doing so would take at most a week. ECF No. 45-3 ¶ 6. And, of course, the Court has already determined that Mr. Sherbet's declaration—which the Secretary again offers, ECF No. 45-4—is insufficient. Order at 43.

As this Court's decision highlights, the Secretary's arguments in this context ring particularly hollow. The reason Texans need an injunction from this Court is because the Secretary and other state officials have refused to take action that would ease the dangers of voting in the middle of a pandemic. Order at 10, 12, 40 & n.8, 44. Despite that it is the Secretary's duty to protect voters and ensure smooth elections, Tex. Elec. Code §§ 31.003, 31.005, the Secretary has "refus[ed] to implement" changes that would ease the pandemic's burden on voters, has "fought such measures in court," and has imposed "rules around voting during the pandemic [that] have been perplexing." Order at 12, 44. In other words, the Secretary and other state officials have enabled an environment where HB 25 will physically endanger Texas voters and burden their right to vote. It is the Court's role to prevent that from happening. And to the extent the Secretary now claims that county election officials lack the resources to place the STV option on the ballot prior to the beginning of in-person voting, she can provide resources to assist with that effort. Tex. Elec. Code § 31.009. As this Court has explained, the Secretary cannot "disown[] her role as the chief election officer of Texas" just to defend this suit. Order at 18.

Finally, even if the Secretary has demonstrated that the Court's preliminary injunction will cause *the Secretary* irreparable injury (which she has not), that is not enough to warrant a stay, which is not a matter of right, *even if irreparable injury might otherwise occur*." *Nken*, 556 U.S. at 427 (citation and internal quotation marks omitted) (emphasis added). Because the Secretary

has not shown that the other factors weigh in her favor—particularly that she is likely to succeed on the merits of her appeal—a stay is not warranted. *See Swearingen v. Collier*, No. 4:19-cv-3079, 2019 WL 3935285, at *3 (S.D. Tex. Aug. 20, 2019) (denying stay even when the irreparable-injury factor weighed "heavily" in movant's favor).

As for the remaining two factors, staying the Court's preliminary injunction would irreparably harm Plaintiffs, Texas voters, and the public interest by denying Texans their fundamental right to vote and "endanger[ing] the safety of voters, poll workers, and others not at the polls." Order at 42-44.

The Court's decision correctly recognizes that, this November, HB 25 will force Texans into an unacceptable choice between their fundamental right to vote and their health. The preliminary injunction, which is "a matter of utmost importance to the constitutional rights of Texas citizens, and in this most extraordinary time, the health of the Nation," should not be stayed. *Id.* at 44.

**II. The Secretary misunderstands the scope of the Court's injunction.**

The Secretary's motion suggests that it is her understanding that the Court's preliminary injunction requires local officials to resend ballots with the STV option to voters who have already received their mail-in ballots. Mot. at 3 (noting that counties have already sent "ballots to Texas voters"). Plaintiffs read the Court's decision differently. They understand the Court's order to require only that the STV option be included on ballots used for in-person voting. Order at 43 ("[T]he question before the Court does not affect the mail-in ballots distributed to the limited number of Texans eligible to vote by mail."). Plaintiffs respectfully request that the Court clarify to the Secretary that the preliminary injunction applies only to in-person voting (and not mail-in voting), whether on a voting machine or on a paper ballot.

## CONCLUSION

The Secretary is not entitled to a stay pending her appeal of this Court's preliminary injunction.

September 28, 2020

Respectfully submitted,

/s/ *Skyler M. Howton*

Skyler M. Howton
Attorney-in-Charge
TX# 24077907
SDTX#2395101
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
SHowton@perkinscoie.com

Marc E. Elias*
Bruce V. Spiva*
Lalitha D. Madduri*
Daniel C. Osher*
Emily R. Brailey*
Stephanie I. Command*
MElias@perkinscoie.com
BSpiva@perkinscoie.com
LMadduri@perkinscoie.com
DOsher@perkinscoie.com
EBrailey@perkinscoie.com
SCommand@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Skyler M. Howton*
Skyler M. Howton