IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| Texas Alliance for Retired Americans, Sylvia Bruni, DSCC, and DCCC, <br><br> Plaintiffs, <br><br> v. <br><br> RUTH HUGHS, in her official capacity as the Texas Secretary of State, <br><br> Defendant. | Civil Action No. 5:20-cv-128 |

**PLAINTIFFS' OBJECTIONS TO CLOSURE OF THE CASE ON MOOTNESS GROUNDS**

Texas Alliance for Retired Americans, Sylvia Bruni, DSCC, and DCCC ("Plaintiffs") file these objections in response to the Court's Advisory of October 6, 2021, in which the Court indicated it intends to close this case based on mootness and directed the parties to "file specific objections explaining why this matter should remain open prior to October 15, 2021," if they believe otherwise. ECF No. 52.

As this Court is aware, this matter is currently on appeal before the Fifth Circuit. Plaintiffs have argued that the Secretary's appeal of this Court's preliminary injunction order is moot. However, thus far, the Fifth Circuit has not come to that conclusion. In any event, pending the outcome of the Fifth Circuit appeal, there remains a live controversy between the parties. While the preliminary injunction order was limited to the November 2020 election, ECF No. 49, Plaintiffs' claims are not. Plaintiffs allege that HB 25 will continue to impose significant burdens on voters in future elections, those burdens disproportionately impact minority and Democratic voters, and the legislature imposed those burdens intentionally in order to depress minority

electoral participation and to harm voters due to their political beliefs. *See generally* ECF No. 1. Plaintiffs allege that those harms will continue in the future so long as HB 25 is still in effect. *Id.* ¶ 9. Until there is a final resolution on the merits of Plaintiffs' allegations, or the Fifth Circuit issues a decision that finds that the Court lacks jurisdiction, the matter should not be closed on mootness grounds.

## BACKGROUND

HB 25 ended a "100-year-old practice" in Texas of allowing voters to use a straight-ticket voting (STV) option. ECF No. 1 ¶ 2. STV allows a voter to efficiently cast their votes by making an initial selection corresponding to their preferred party, which automatically selects the party's nominee in each race, after which the voter can modify their choice in any individual race. *Id.* ¶ 3. Plaintiffs' central allegation is that eliminating STV will increase the time voters wait at the polls. *Id.* ¶ 9. Plaintiffs allege that the increase in wait time (1) violates voters' rights under the First and Fourteenth Amendments to the U.S. Constitution because it unduly burdens the right to vote; (2) violates Section 2 of the Voting Rights Act because it will deny African American and Hispanic voters—who utilize STV at a higher rate and live in more densely populated areas of the state— an equal opportunity to participate in Texas's elections; and (3) violates the First, Fourteenth, and Fifteenth Amendments to the U.S. Constitution and Section 2 of the Voting Rights Act because the legislature passed HB 25 with an intent to depress electoral participation among racial and ethnic minorities, and to harm voters due to their political beliefs. *Id.* ¶ 15.[1]

---

[1] In early March 2020, Plaintiffs Bruni, DSCC, DCCC, and others filed suit challenging HB 25. On June 23, 2020, the Court dismissed that complaint, concluding that, at that time, there were too many variables at play to infer HB 25 would increase wait time at the polls. *See Bruni v. Hughs*, No. 5:20-cv-35, 2020 WL 3452229 (S.D. Tex. June 24, 2020). After the July 2020 primary election—the State's first election in the midst of the COVID-19 pandemic—Plaintiffs filed this suit and sought a preliminary injunction. ECF Nos. 1, 5-6.

Plaintiffs sought a preliminary injunction in advance of the 2020 election, which this Court granted. ECF No. 43. This Court properly recognized that eliminating STV would increase voting time, and, "in turn," expand lines at the polls. *Id.* at 23. The Court explained that, under normal circumstances, long wait times burden voters and cause them to "leave polling place lines before they have exercised their fundamental right to vote," but in the upcoming election HB 25 would also "increas[e] their exposure to a deadly virus." *Id.* at 41. Because HB 25's justifications were "underwhelming, especially when weighed against the risk of disenfranchisement and the risk to voters' health," *id.*, the court found HB 25 would violate Texans' fundamental right to vote in the coming election.

The Secretary appealed the Court's order and filed an emergency motion for a stay of the preliminary injunction pending appeal, which the Fifth Circuit granted. *Tex. All. for Retired Ams. v. Hughs*, Case No. 20-40643 (5th Cir. Sept. 28, 2020), Doc. No. 00515583262. After this Court clarified the limited scope of its preliminary injunction order as limited to the November 2020 general election, Plaintiffs moved to dismiss the Secretary's appeal of the preliminary injunction order. *Tex. All. for Retired Ams. v. Hughs*, Case No. 20-40643 Mot. to Dismiss Appeal as Moot (5th Cir. Nov. 18, 2020), Doc. No. 00515643282. Plaintiffs argued that, because the Court's preliminary injunction order expired when voting in the general election ended at 7:00 p.m. on November 3, 2020, this Court's order, even absent the Fifth Circuit stay, would no longer enjoin the Secretary from implementing HB 25. *Id.* at 3. The Secretary opposed that motion. *Tex. All. for Retired Ams. v. Hughs*, Case No. 20-40643, Resp. in Opp. to Plaintiffs-Appellees' Mot. to Dismiss Appeal as Moot (5th Cir. Nov. 30, 2020), Doc. No. 00515655540. The Fifth Circuit carried Plaintiffs' motion to dismiss the appeal as moot with the case. *Tex. All. for Retired Ams. v. Hughs*, Case No. 20-40643 (5th Cir. Dec. 2, 2020), Doc. No. 00515657414. Along with that motion, the

Secretary's appeal of the Court's preliminary injunction order is now fully briefed and remains pending before the Fifth Circuit.

### SPECIFIC OBJECTIONS

While Plaintiffs would not object to an administrative closure of the case while the appeal remains pending, this matter should not be closed as moot because Plaintiffs' complaint continues to present a live controversy. Plaintiffs' lawsuit challenges Texas's elimination of STV, which will unjustifiably and discriminatorily burden Texans' fundamental right to vote by producing burdensome wait times at the polls. ECF No. 1 ¶¶ 5-15. Although the COVID-19 pandemic intensified the constitutional and statutory harms HB 25 inflicted on voters during the 2020 general election, *see id.* ¶ 6, the threat HB 25 poses did not disappear on November 4, 2020, *see id.* ¶¶ 5, 7-15. Without intervention by this Court, Texas's upending of a century-old voting practice, with no plan to mitigate the resulting long lines, will result in discriminatorily and burdensome long lines at the polls. *Id.* ¶¶ 5-15. In turn, Texans will be forced to endure unreasonably long wait times in future elections. *Id.* To remedy those constitutional harms, Plaintiffs seek permanent relief in the form of a final judgment. *Id.* ¶¶ 101, 106, 112, 123, 129.

The expiration of the Court's preliminary injunction order does not support the closure of this case. It has no preclusive effect on the subsequent litigation. *See Mitchell v. Wall*, 808 F.3d 1174, 1176 (7th Cir. 2015); *In re Tax Refund Litig.*, 915 F.2d 58, 59 (2d Cir. 1990) (per curiam); *see also Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020). Rather, depending upon the outcome of the Secretary's appeal to the Fifth Circuit, on remand, the case, which was still in its early stages when appealed, should proceed to discovery, any further dispositive motions, and ultimately trial on the merits. *See, e.g., University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) ("If the parties lack a legally cognizable interest in the determination whether the preliminary injunction was properly granted, the sole question

before us on this appeal, then we must vacate the district court's order and remand the case for consideration of the remaining issues."); *see also Ry. Labor Execs.' Ass'n v. Gibbons*, 455 U.S. 457, 473 (1982).

## CONCLUSION

For these reasons, Plaintiffs respectfully object to the closure of this matter as moot.

Dated: October 14, 2021

Respectfully Submitted,

/s/ Bruce V. Spiva
Bruce V. Spiva
Stephanie I. Command
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9996

Marc E. Elias
Lalitha D. Madduri
ELIAS LAW GROUP LLP
10 G St NE, Suite 600
Washington, DC 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498

*Attorneys for Plaintiffs*

Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas by using the CM/ECF system. I certify that counsel for the Defendant is registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                    */s/ Bruce V. Spiva*
                                                    Bruce V. Spiva